United States District Court
Southern District of Texas
**ENTERED**
May 15, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PEDRO SOLORZANO SOLANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:26-cv-1390 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>ORDER OF DISMISSAL</u>

Petitioner Pedro Solorzano Solano filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his detention while in custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center in Conroe, Texas. Dkt. 1. On April 15, 2026, the federal respondents advised the Court that the petitioner became subject to a final order of removal on March 31, 2026, and that ICE plans to effectuate his removal in the near future. Dkt. 17. Subsequently, the petitioner, through counsel, filed a motion to voluntarily withdraw his petition, stating that petitioner was removed from the United States on or about May 10, 2026, and is no longer in custody. Dkt. 18. The Court will grant the motion for the reasons explained briefly below.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v.*

*McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 217 (5th Cir. 2002). Here, the petitioner is no longer subject to continued immigration detention and no longer seeks the relief requested in his habeas petition. This renders his petition moot, as there is no relief the Court can grant through habeas review.

Accordingly, the Court **ORDERS** as follows:

1. The petitioner's motion for voluntary dismissal (Dkt. 18) is **GRANTED**.

2. This case is **DISMISSED WITHOUT PREJUDICE** as moot.

3. Any remaining pending motions are **DENIED AS MOOT**.

SIGNED at Houston, Texas, on _____ MAY 1 5 2026 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

2